**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| IN RE: | Bankruptcy No.: 11-00419 (SEK) |
|---|---|
| FOUR LIONS, CORP. | Chapter 11 |
| Debtor | |

**CPG/GS' RESPONSE TO ORDER TO SHOW CAUSE**

TO THE HONORABLE COURT:

COMES NOW, CPG/GS PR NPL, LLC ("CPG/GS"), through its undersigned counsel, and respectfully submits this Response to Order to Show Cause (the "Response to Order to Show Cause").

**Introduction**

This bankruptcy case should not be dismissed, as dismissal will injure the Estate and is certainly not in the best interest of creditors. Debtor's current management has already prejudiced this Estate, and their disregard of this Honorable Court's Orders should not inure to the detriment of the creditors.

The Schedules filed by Debtor in this case show that there may be up to $5,923,014.00 in unencumbered assets. While said value is certainly suspect and must be verified, it shows that a thoughtful management and liquidation of this Estate could result in dividends to unsecured creditors. Debtor is also the developer of a real estate project, but currently has no source of funding and has been unable or unwilling to continue construction. While CPG/GS may, under certain circumstances, fund the Estate in Chapter 11, it is more unlikely to do so if this case is dismissed. CPG/GS does not believe that the dismissal of this case is in the best interest of the creditors in this case. Therefore, CPG/GS moves this Honorable Court to allow it a reasonable

opportunity (until thirty days after the expiration of the claims bar date) to inquire about the financial condition of the Debtor, to understand the full universe of claims to be satisfied, determine if it will present a creditor Chapter 11 Plan or, in the alternative, move to convert this case to Chapter 7.

**Factual Background**

1. On January 24, 2011, Four Lions Corporation (the "Debtor" or "Four Lions") filed with the Court a voluntary petition for relief under title 11 of the United States Code (the "Petition Date"). See, Docket No. 1.

2. Debtor is a corporation solely engaged in the development of the Soleil Condominium located in Guaynabo, Puerto Rico (the "Project"). As such, this case involves "Single Asset Real Estate" pursuant to 11 U.S.C. §101(51B). Consequently, "a plan of reorganization that has a reasonable opportunity of being confirmed within a reasonable time" should have been filed by April 24, 2011. In the alternative, Debtor should have commenced making monthly interest payments. See, 11 U.S.C. §362(d)(3). To date, however, Debtor does not even have counsel.

3. CPG/GS is the principal secured creditor of the Debtor, in the amount of $29,059,369.92, as assignee of a Construction Loan Agreement ("the Loan Agreement") dated November 15, 2005. See, Claim No. 5.

4. On January 26, 2011, the Section 341 meeting of creditors was scheduled to be held on February 28, 2011 before an officer of the United States Trustee's Office. See, Docket No. 3.

5. On February 4, 2011, and amended on February 23, 2011, Debtor filed a "Motion for Consolidation" in which Debtor requests the substantive consolidation of the Estates of

Debtor, <u>Uranus Development, LLC</u>, Case No. 11-0510, and <u>In re Green Age Construction Corp</u>, Case No. 11-0509 (the "Motion for Consolidation"). <u>See</u>, Docket Nos. 6 & 23.

6. On February 22, 2011, this Honorable Court held a telephone conference to consider the Motion for Consolidation. During said conference, the United States Trustee requested Debtor to provide information regarding any relationship with the case of Redondo Construction and any other corporations. The Section 341 meeting of creditors was rescheduled for March 18, 2011. <u>See</u>, Docket No. 27. Thereafter, on March 11, 2011, CPG/GS filed an opposition to the amended Motion for Consolidation. <u>See</u>, Docket No. 34.

7. During the status conference hearing held on March 17, 2011, this Honorable Court disqualified the Debtor's attorney and further held in abeyance all pending matters and continued the Section 341 meeting *sine die*. Debtor did not move to reconsider the Order disqualifying its attorney. <u>See</u>, Docket No. 41.

8. As of this date, CPG/GS has not had an opportunity to examine the Debtor as its financial affairs and prospects of reorganization; which in this case is critical given the applicable shortened timetables.

9. On April 11, 2011, this Honorable Court ordered the Debtor to show cause why the case should not be dismissed for its failure to obtain new counsel. <u>See</u>, Docket No. 43.

10. To date, Debtor has been unable to fund expenses associated with its business operations, all of which have been funded by CPG/GS. To date, CPG/GS has disbursed $9,009.50 to fund expenses related to security and sanitary services.

11. Debtor claims to be the owner of a track of land located in Barrio Los Frailes, Guaynabo, with an alleged value of approximately $6,700,000.00 ("Los Frailes Property"). <u>See</u>, Schedule A at Docket No. 16. In addition, the Estate claims to own certain causes of action.

Therefore, Estate may have up to $5,923,014.00 in unencumbered value for the benefit of the creditors.

**Dismissal of the case is not in the best interest of creditors and the estate**

12. To determine whether a case should be dismissed or converted, this Honorable Court must make a determination under section 1112(b), which "invokes a two-step analysis, first, to determine whether 'cause' exists either to dismiss or to convert the chapter 11 proceeding to a chapter 7 proceeding, and second to determine which option is in the best interest of creditors and the estate." Rolex Corp. v. Associated Materials, Inc., 14 F.3d 240, 242 (4th Cir. 1994); see also In re Mechanical Maintenance, Inc., 128 B.R. 382, 386 (E.D. Pa. 1991) ("Once the threshold is passed and cause is found to exist, the decision whether to convert to Chapter 7 or to dismiss is committed to the discretion of the bankruptcy court … The choice of conversion or dismissal must be based, nevertheless, on a 'best interest of creditors and the estate' test.").

13. Debtor's disregard of this Honorable Court's Order and failure to prosecute this case may constitute cause, but its dismissal (and as discussed below) maybe not even conversion, may be in the best interests of the creditors and the Estate.

14. The Bankruptcy Code fails to define the phrase 'best interest of creditors and the estate', as stated by Colliers, courts have considered the following factors in determining whether dismissal or conversion is in the best interest of creditors and the estate:

> ***Whether equality of distribution would be better served by conversion rather than dismissal.* See e.g., Rollex Corp. v. Associated Materials, Inc., 14 F.3d 240, 243 (4th Cir. 1994).**

15. Dismissal of this bankruptcy case will not serve the best interests of creditors and of the estate. Debtor's current management has a clear conflict of interest with the Estate and its

creditors. Debtor's principals and management guaranteed certain unsecured debts of this Estate. Therefore, Debtor's management's personal interest is to reduce the unsecured obligations of the Estate for which they are personally liable. This conflicts with the principle of equitable distribution of the assets of the Estate. Dismissal will only favor such an unjust result.

16. Moreover, Debtor has no funding to complete the Project and administer the Estate, and therefore has no prospects for any reorganization, absent the intervention of CPG/GS to fund the Estate and allow the Debtor to complete the Project. CPG/GS, however, will not likely intervene to fund the Estate outside of bankruptcy.

17. Debtor scheduled up to $5,923,014.00 in unencumbered assets. Yet, this value is at risk if this case is dismissed, as the dismissal of this case will be followed by a disorganized and inequitable liquidation of the assets of the Debtor, will adversely impact the value of the remaining assets of the Estate and the equitable distribution of said value to the creditors. It is therefore evident that a dismissal of this case would diminish the value of the Estate and any dividends available to unsecured creditors.

> ***Whether the debtor would simply file a further case upon dismissal.* See e.g., In re Staff Inv. Co., 146 B.R. 256, 260, 261-62 (Bankr. E.D. Ca. 1992).**

18. The Debtor is unable to fund its operations and has no cash to complete or maintain the Project. Creditors are pursuing claims. If the case were dismissed, the Debtor's disbursements would only increase, without any revenue. Under current management, the Debtor would not survive for long as a going concern and would ultimately fail.

> ***In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.* See e.g., In re Staff Inv. Co., 146 B.R. 256, 261 (Bankr. E.D. Cal. 1992).**

5

19. If this case remains in bankruptcy, the value of the Debtor's assets would be enhanced, completed and orderly liquidated in Chapter 7 or Chapter 11.

20. As noted above, if this case remains under the tutelage of this Honorable Court, CPG/GS may consider funding the Estate and allow the Debtor to complete the Project. This would also allow for a meaningful marketing and sale of the Los Frailes' Property and an evaluation of the remaining assets of the Estate.

21. However, if the case is dismissed, the value of the Debtor's business under current management would be diminished as management would seek to immediately liquidate the assets of the Debtor, at the expense of enhancing its value, to reduce their personal exposure, a the expense of the remaining creditors of the Estate.

22. The confluence of factors mentioned above should lead this Court to exercise its discretion and not dismiss this bankruptcy case. However, for the reasons set forth below CPG/GS respectfully moves this Honorable Court to hold in abeyance a determination whether to convert this case until such time as CPG/GS has an opportunity to examine the financial condition of this Debtor and the claim bar date expires, to determine whether it will file a Chapter 11 Plan or move to convert to Chapter 7.

**This case should not be converted until CPG/GS has an opportunity to examine the financial condition of the Debtor**

23. CPG/GS is the principal secured creditor of this Debtor, and may have an interest in funding this Estate and confirming a Chapter 11 Plan. To date, in fact, CPG/GS has been funding the maintenance and other Project related costs

24. However, at this time, CPG/GS does not have sufficient information to make such a determination. While the CPG/GS has met with Debtor's management to obtain information,

there are still areas that remain unclear.

25. The proposal and confirmation of a Chapter 11 Plan by CPG/GS could be of benefit to the Estate, as it could enhance the value of the remaining assets of the Estate available for distribution. Therefore, CPG/GS respectfully moves this Honorable Court to hold in abeyance the conversion to Chapter 7 until June 30, 2011, that is, 30 days after the expiration of the Claims Bar Date, to allow CPG/GS to move for conversion or file a proposed Plan on or before said date.

WHEREFORE, CPG/GS PR NPL, LLC requests that this Court maintain this case in Chapter 11 until June 30, 2011, at which time CPG/GS will move the Court to convert to Chapter 7 or file a proposed Chapter 11 Plan.

**RESPECTFULLY SUBMITTED.**

It is certified that on this same date a true and exact copy of the foregoing was sent electronically by the CM/ECF system to all CM/ECF participants. It is further certified that on this same date, a true and exact copy of the foregoing was sent via postage pre-paid, first class mail to the Debtors.

In San Juan, Puerto Rico, this 6th day of May, 2011.

**O'NEILL & BORGES**
*Attorneys for CPG/GS PR NPL, LLC*
American International Plaza
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

By: *s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Email: hermann.bauer@oneillborges.com

*s/Lourdes Arroyo*
Lourdes Arroyo
USDC No. 226501
Email: lourdes.arroyo@oneillborges.com