# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>FOUR LIONS, CORP.<br><br>Debtor | Bankruptcy No.: 11-00419 (SEK)<br><br>Chapter 11 |

## URGENT MOTION FOR AN ORDER TO CONDUCT A BANKRUPTCY RULE 2004 EXAMINATION OF THE DEBTOR

TO THE HONORABLE COURT:

COMES NOW, CPG/GS PR NPL, LLC ("CPG"), through its undersigned counsel, and respectfully submits this Motion for an Order to Conduct a Bankruptcy Rule 2004 Examination of the Debtor (the "Motion").

### A. Introduction:

1. Debtor is a corporation solely engaged in the development of the Soleil Condominium located in Guaynabo, Puerto Rico (the "Project"). As such, this case is a "Single Asset Real Estate" case as defined in 11 U.S.C. §101(51B). Consequently, "a plan of reorganization that has a reasonable opportunity of being confirmed within a reasonable time" should have been filed by April 24, 2011. In the alternative, Debtor should have commenced making monthly interest payments. See, 11 U.S.C. §362(d)(3).

2. CPG is the principal secured creditor of the Debtor, in the amount of $29,059,369.92, as assignee of a Construction Loan Agreement ("the Loan Agreement") dated September 27, 2004. See, Claim No. 5.

3. Since the filing of this case, Debtor has failed to make any adequate protection payments to CPG, has not been able to make the necessary payments to insure and maintain the Project, and has no known sources of financing to complete or maintain the Project – much less reorganize.

4. As a result of the disqualification of the Debtor's attorney, the Section 31 Meeting has not been held. Thus, CPG has not had an opportunity to examine the Debtor as to its financial affairs and prospects of reorganization -- which in this case is critical given the applicable shortened timetables and the Order to Show Cause, as defined below.

5. Moreover, on April 11, 2011, this Honorable Court issued an Order to Show Cause as to "…why this case should not be dismissed for its failure to obtain Counsel. (In re Las Colinas Development), 585 F. 2d 7 (1st Cir. 1978)." Docket No. 43 ("Order to Show Cause"). The Court further ordered that "Debtor shall answer this order in thirty days, or we may dismiss or convert the case without a hearing." Id.

6. As the principal secured creditor of this Debtor, CPG understands that this is a simple case in which the Estate and the creditors would probably be best served if the Debtor remains under the oversight of this Court. It is apparent that the Debtor does not have the means or the financing to reorganize, and therefore this case may be converted to Chapter 7. However, and for the reasons set forth below, CPG respectfully requests that this Court allow it to conduct a Rule 2004 examination of this Debtor prior to the expiration of the June 30, 2011 Claims Bar Date, which examination will assist CPG in determining if it will propose and fund a Chapter 11 Plan of Reorganization for this Debtor, or seek the conversion of this case to Chapter 7.

**B. Factual Background:**

7. On January 24, 2011, Four Lions Corporation (the "Debtor" or "Four Lions") filed with the Court a voluntary petition for relief under title 11 of the United States Code (the "Petition Date"). See, Docket No. 1.

8. On January 26, 2011, the Section 341 meeting of creditors was scheduled to be held on February 28, 2011 before an officer of the United States Trustee's Office. See, Docket No. 3.

9. On February 4, 2011, and amended on February 23, 2011, Debtor filed a "Motion for Consolidation" in which Debtor requests the substantive consolidation of the estates of Four

Lions, Uranus Development, LLC, Case No. 11-0510, and In re Green Age Construction Corp, Case No. 11-0509 (the "Motion for Consolidation"). See, Docket Nos. 6 and 23.

10. On February 22, 2011, this Honorable Court held a telephone conference to consider the Motion for Consolidation. During said conference, the United States Trustee requested Debtor to provide information regarding any relationship with the case of Redondo Construction and any other corporations. The 341 meeting of creditors was rescheduled for March 18, 2011. See, Docket No. 27.

11. Thereafter, on March 11, 2011, CPG filed an opposition to the amended Motion for Consolidation. See, Docket No. 34.

12. During the status conference hearing held on March 17, 2011, this Honorable Court disqualified the Debtor's attorney and further held in abeyance all pending matters and continued the 341 meeting *sine die*. Debtor did not move to reconsider the Order disqualifying its attorney. See, Docket No. 41.

13. On April 11, 2011, this Honorable Court issued an Order to Show Cause as to "…why this case should not be dismissed for its failure to obtain Counsel. (In re Las Colinas Development), 585 F. 2d 7 (1st Cir. 1978). Debtor shall answer this order in thirty days, or we may dismiss or convert the case without a hearing." Docket No. 43.

14. As of this date, creditors have not been able to examine the Debtor concerning the administration of the estate.

C. **Argument:**

15. Through this Motion, CPG asks the Court to allow an examination of a representative of the Debtor for the purpose of ascertaining the Debtor's financial condition, disposition of assets, pre-petition payments or distributions, management of the estate, prospects of reorganization, sources of funding, and any other matters which may affect CPG. The information obtained therein will assist CPG in determining if it will propose and fund a Chapter

11 Plan of Reorganization for this Debtor or seek the conversion of this case to Chapter 7.

16. Pursuant to Bankruptcy Rule 2004(b), the examiner is entitled to examine the witnesses (and otherwise inquire, such as through a document request/subpoena) as to "the acts, conduct, or property or to any liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge"[1]. CPG notes that applications for Rule 2004 examinations may be presented on an *ex parte* basis. See e.g., In re Hickman, 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993); In re GHR Energy Corp., 35 B.R. 534, 535 n.2 (Bankr. D. Mass. 1983). However, this Motion is being served on the Debtor and the United States Trustee. While CPG is prepared to appear and explain its position to the Court, CPG submits that no further notice or hearing is required in order for the Court to grant the relief requested herein.

17. In light of the Order to Show Cause, the shortened timetables relating to this Single Asset Real Estate case, the Debtor's failure to adequately maintain the Project and lack of any indicia of financing, the repeated cancellations of the Section 341 Meeting, and the resulting dearth of available information to allow CPG to determine whether the reorganization of this Debtor is viable, CPG respectfully requests that it be given an opportunity to examine the Debtor under oath pursuant to Bankruptcy Rule 2004 prior to the expiration of the June 30, 2011 Claims Bar Date.

---

[1] The scope of Rule 2004(b) is very broad: The scope of a Rule 2004 examination is "unfettered and broad" and the rule itself is "peculiar to bankruptcy law and procedures because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does." *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983*); In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984). Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to "a fishing expedition." *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983) (*citing In re Foerst*, 93 F. 190, 191 (S.D.N.Y. 1899)). There are limits to the scope of a 2004 examination. It may not be used for "purposes of abuse or harassment" and it "cannot stray into matters which are not relevant to the basic inquiry." *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).Collier, Para. 2004.02 at 2004-6, citing In re Table Talk, 51 B.R. 143, 145 (Bankr. D. Mass. 1985); In re Duratech Indus., Inc., 241 B.R. 283, 289 (E.D.N.Y. 1999); In re Continental Forge Co., 73 B.R. 1005, 1007 (Bankr. W.D. Pa. 1987).

WHEREFORE, CPG/GS PR NPL, LLC requests that this Court enter immediately the Order presented herewith, approving CPG's request to take the Bankruptcy Rule 2004 examinations; that such examination be *duces tecum*, covering such documents as CPG designates upon ten (10) calendar days written notice to the examinee; and that counsel for CPG be authorized to issue such subpoena(es) in connection with such examination as it may deem necessary, subject to whatever objection the examined party may file at least five (5) day prior to the examination.

**RESPECTFULLY SUBMITTED.**

It is certified that on this same date a true and exact copy of the foregoing was sent electronically by the CM/ECF system to all CM/ECF participants. It is further certified that on this same date, a true and exact copy of the foregoing was sent via postage pre-paid, first class mail to the Debtors.

In San Juan, Puerto Rico, this 6th day of May, 2011.

**O'NEILL & BORGES**
*Attorneys for CPG/GS PR NPL, LLC*
American International Plaza
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

By: *s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Email: hermann.bauer@oneillborges.com

*s/Lourdes Arroyo*
Lourdes Arroyo
USDC No. 226501
Email: lourdes.arroyo@oneillborges.com