# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| IN RE: | Bankruptcy No.: 11-00419 (SEK) |
|---|---|
| FOUR LIONS, CORP. | Chapter 11 |
| Debtor | |

## URGENT MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE

TO THE HONORABLE COURT:

COMES NOW, CPG/GS PR NPL, LLC ("CPG/GS"), through its undersigned counsel, and respectfully submits this Motion for Reconsideration (the "Reconsideration"):

## PRELIMINARY STATEMENT

This Honorable Court entered an Order dismissing this case, without a finding that dismissal is in the best interests of the creditors and the Estate in this case. While we agree with this Honorable Court that Debtor's contemptible conduct in this case is sanctionable, such sanctions should not be to the prejudice of the creditors and the Estate who have suffered to date the Debtor's delay tactics and abuse of process. Rather, the only beneficiaries of dismissal are, unsurprisingly, Debtors' management. This is both inequitable and injurious to the creditors and the Estate. Contrary to the representations in the Motion for Voluntary Dismissal (Docket No.49), the Debtor's admissions under oath in the Schedules show that this Estate may have value of millions of dollars to distribute to its creditors – the value and equitable distribution of which would at peril if this case is dismissed. See, 11 USC 1112(b).

Moreover, Debtor evidently filed for the protection of the Bankruptcy Code with the improper purpose of frustrating creditors' recoveries. Now it seeks to avail itself of its own disregard of this Honorable Court's Orders to further delay the recovery of its creditors and

unduly benefit its management whom guarantee certain unsecured debts. Therefore, and for the reasons set forth below, CPG/GS does not believe that the dismissal of this case is in the best interest of the creditors in this case and respectfully moves the Court to reconsider the Order dismissing the Case and moves for conversion to Chapter 7.

**FACTUAL BACKGROUND**

1. On January 24, 2011, Four Lions Corporation (the "Debtor" or "Four Lions") filed with the Court a voluntary petition for relief under title 11 of the United States Code (the "Petition Date"). See, Docket No. 1.

2. Debtor is a corporation solely engaged in the development of the Soleil Condominium located in Guaynabo, Puerto Rico (the "Project"). As such, this case involves "Single Asset Real Estate" pursuant to 11 U.S.C. §101(51B). Consequently, "a plan of reorganization that has a reasonable opportunity of being confirmed within a reasonable time" should have been filed by April 24, 2011. In the alternative, Debtor should have commenced making monthly interest payments. See, 11 U.S.C. §362(d)(3). To date, however, Debtor does not even have counsel.

3. CPG/GS is the principal secured creditor of the Debtor, in the amount of $29,059,369.92, as assignee of a Construction Loan Agreement ("the Loan Agreement") dated November 15, 2005. See, Claim No. 5. This claim has not been objected.

4. On January 26, 2011, the Section 341 meeting of creditors was scheduled to be held on February 28, 2011 before an officer of the United States Trustee's Office. See, Docket No. 3.

5. On February 4, 2011, and amended on February 23, 2011, Debtor filed a "Motion for Consolidation" in which Debtor requests the substantive consolidation of the Estates of

Debtor, Uranus Development, LLC, Case No. 11-0510, and In re Green Age Construction Corp, Case No. 11-0509 (the "Motion for Consolidation"). See, Docket Nos. 6 & 23.

6. On February 22, 2011, this Honorable Court held a telephone conference to consider the Motion for Consolidation. During said conference, the United States Trustee requested Debtor to provide information regarding any relationship with the case of Redondo Construction and any other corporations. The Section 341 meeting of creditors was rescheduled for March 18, 2011. See, Docket No. 27. Thereafter, on March 11, 2011, CPG/GS filed an opposition to the amended Motion for Consolidation. See, Docket No. 34.

7. During the status conference hearing held on March 17, 2011, this Honorable Court disqualified the Debtor's attorney and further held in abeyance all pending matters and continued the Section 341 meeting *sine die*. Debtor did not move to reconsider the Order disqualifying its attorney. See, Docket No. 41.

8. As of this date, CPG/GS has not had an opportunity to examine the Debtor as its financial affairs and prospects of reorganization; which in this case is critical given the applicable shortened timetables.

9. On April 11, 2011, this Honorable Court ordered the Debtor to show cause why the case should not be dismissed for its failure to obtain new counsel. See, Docket No. 43.

10. To date, Debtor has been unable to fund expenses associated with its business operations, all of which have been funded by CPG/GS. To date, CPG/GS has disbursed $9,009.50 to fund expenses related to security and sanitary services.

11. Debtor claims to be the owner of a track of land located in Barrio Los Frailes, Guaynabo, with an alleged value of approximately $6,700,000.00 ("Los Frailes Property"). See, Schedule A at Docket No. 16. In addition, the Estate claims to own certain causes of action.

Therefore, Estate may have up to $5,923,014.00 in unencumbered value for the benefit of the creditors.

## APPLICABLE STANDARD

CPG/GS prays for reconsideration pursuant to Federal Rules of Bankruptcy Procedure, Rule 9023, which makes Federal Rules of Civil Procedure, Rule 59 ("Rule 59") applicable. In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Rule 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law. 402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

It is well-settled that "Federal Rule of Civil Procedure 59(e) grants bankruptcy courts license to reconsider orders and judgments after their entry." Ellenberg v. Bd. of Regents of Univ. Sys. of Georgia (In re Midland Mech. Contractors, Inc.), 200 B.R. 453, 456 (Bankr. N.D. Ga. 1996). Federal courts have consistently found, however, "that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." Pabón Rodríguez, 233 B.R. at 220 (citations omitted) (emphasis added); see also, Official Comm. of Unsecured Creditors v. Fleet Retail Fin. Group (In re Hechinger Inv. Co. of Delaware), 303 B.R. 18, 23 (D. Del. 2003) (noting that a motion for reconsideration "should be granted only sparingly"). The underlying policy of reconsideration is to provide a court with a means to correct its own errors. White v. New

Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982).

CPG/GS respectfully submits that this Honorable Court erred in law by dismissing the case absent a finding that dismissal would be in the best interest of creditors and the Estate, and further submits that such a result would be manifestly unfair.

**Dismissal of the case is not in the best interest of creditors and the estate**

12. Section 105(a) authorizes the court to act on its own motion as is necessary "to enforce or implement court orders or rules" or to "prevent abuse of process". Accordingly, a court may order the conversion or dismissal of a Chapter 11 case *sua sponte*, if there is cause. See, Fed. R. Bankr. P. 105(a); see also, In re Munteanu, 2007 U.S. Dist. LEXIS 48233 (E.D.N.Y. 2007).

13. Although the plain language of Section 1112 states that dismissal is required on request of a party in interest, 11 U.S.C. §1112(b)(1), courts generally hold that the bankruptcy court has the authority to dismiss a bankruptcy petition for cause under 11 U.S.C. §1112(b) on its own motion. Id, at page 7.

14. Accordingly, in enforcing an order, the court may not dismiss a Chapter 11 case *sua sponte* if cause does not exist to do so under Section 1112(b). Cases applying Section 1112(b) hold that the court may dismiss a case, or convert a case to Chapter 7, *sua sponte*, for cause and based on the totality of the circumstances. See, In re Starmark Clinics, L.P., 388 B.R. 729 (Bankr. S.D. Tex. 2008). In this case, Debtor's disregard of this Honorable Court's Orders may be construed as cause.

15. *Sua sponte* dismissals should give due weight to the facts and equities of the particular case. See, In re Bayou Self, Inc., 73 B.R. 682 (Bankr. W.D.La. 1987). In order for dismissal or conversion of Chapter 11 case to be ordered under 11 USCS § 1112(b), it must be in

best interest of creditors and estate even where there is sufficient "cause" to support dismissal or conversion. See, In re Whitehurst, (Bankr. N.D. Ala., 1996).

16. However, to determine whether a case should be dismissed or converted, this Honorable Court must make a determination under section 1112(b), which "invokes a two-step analysis, first, to determine whether 'cause' exists either to dismiss or to convert the chapter 11 proceeding to a chapter 7 proceeding, and second to determine which option is in the best interest of creditors and the estate." Rolex Corp. v. Associated Materials, Inc., 14 F.3d 240, 242 (4th Cir. 1994); see also In re Mechanical Maintenance, Inc., 128 B.R. 382, 386 (E.D. Pa. 1991) ("Once the threshold is passed and cause is found to exist, the decision whether to convert to Chapter 7 or to dismiss is committed to the discretion of the bankruptcy court … The choice of conversion or dismissal must be based, nevertheless, on a 'best interest of creditors and the estate' test.").

17. Under Section 1112(b), dismissal of a Chapter 11 case or conversion to Chapter 7, other than as permitted as a voluntary conversion by the debtor under Section 1112(a), shall occur if the requesting party in interest demonstrates cause and the exceptions set forth in Section 1112(b)(1) and (2) are inapplicable.

18. Likewise, if a case is dismissed rather than converted, or converted rather than dismissed, there must be finding why the requested alternative is in the best interest of creditors and the estate. See, In re Helmers, 361 B.R. 190 ,198 (Bankr. D. Kan. 2007). The Court's Order Dismissing Case failed to address why dismissal, rather than conversion, is in the best interests of creditors, and the only evidence in the record suggests that dismissal is in the best interests of creditors and the Estate.

19. The record clearly shows that dismissal of this bankruptcy case will not serve the best interests of creditors and of the estate. Debtor's current management has a clear conflict of interest with the Estate and its creditors. Debtor's principals and management guarantied certain unsecured debts of this Estate. Therefore, Debtor's management's personal interest is to reduce the unsecured obligations of the Estate for which they are personally liable. This conflicts with the principle of equitable distribution of the assets of the Estate. Dismissal will only favor such an unjust result.

20. Moreover, Debtor has no funding to complete the Project and administer the Estate, and therefore has no prospects for any reorganization, absent the intervention of CPG/GS to fund the Estate and allow the Debtor to complete the Project. CPG/GS, however, will not likely intervene to fund the Estate outside of bankruptcy.

21. Furthermore, Debtor scheduled up to $5,923,014.00 in unencumbered assets. Yet, this value is at risk if this case is dismissed, as the dismissal of this case will be followed by a disorganized and inequitable liquidation of the assets of the Debtor, will adversely impact the value of the remaining assets of the Estate and the equitable distribution of said value to the creditors. It is therefore evident that a dismissal of this case is not in the best interest of creditors as it would diminish the value of the Estate and any dividends available to unsecured creditors

## LOCAL RULE CERTIFICATION

The undersigned hereby certify that, pursuant to the requirements of Local Bankruptcy Rule 9013-1(f) they have carefully examined the matters in the Reconsideration and concluded that there is a true need for an emergency determination, for the reasons set forth above; have not created the emergency through any lack of due diligence.

WHEREFORE, CPG/GS PR NPL, LLC requests that this Court (i) reconsider the Order Dismissing Case; (ii) maintain this case in Chapter 11 until June 30, 2011, at which time CPG/GS will move the Court to convert to Chapter 7 or file a proposed Chapter 11 Plan; and (iii) for such other relief as it may deem necessary and proper.

**RESPECTFULLY SUBMITTED.**

It is certified that on this same date a true and exact copy of the foregoing was sent electronically by the CM/ECF system to all CM/ECF participants. It is further certified that on this same date, a true and exact copy of the foregoing was sent via postage pre-paid, first class mail to the Debtors.

In San Juan, Puerto Rico, this 12th day of May, 2011.

**O'NEILL & BORGES**
*Attorneys for CPG/GS PR NPL, LLC*
American International Plaza
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

By: *s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Email: hermann.bauer@oneillborges.com

*s/Lourdes Arroyo*
Lourdes Arroyo
USDC No. 226501
Email: lourdes.arroyo@oneillborges.com